UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

YVETTE WALKER,

                           Plaintiff,

            -against-

LOCAL 32BJ SERVICE EMPLOYEES
INTERNATIONAL UNION,

                           Defendant.
----------------------------------------------------------------X

**ORDER**

**16-CV-695 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

This case arises out of pro se Plaintiff Yvette Walker's Notice of Claim and Summons in Kings County Small Claims Court. (See Notice of Claim (Ex. 1, Notice of Removal) (Dkt. 1-1).) Defendant Service Employees International Union, Local 32BJ ("Local 32BJ") removed the case to federal court (Notice of Removal (Dkt. 1)) and requested a more definite statement on the grounds that the "Complaint is so vague that Local 32BJ is unable to reasonably prepare a proper response for it" (Mot. for More Definite Statement (Dkt. 5)). Magistrate Judge Lois Bloom ordered Plaintiff to file an amended complaint that "clarifies her claims against Local 32BJ" by October 10, 2016. (Sept. 6, 2016, Order (Dkt. 20) at 3.) Judge Bloom cautioned that if Plaintiff failed to clarify her claims within the specified time period, her complaint would be dismissed. (Id.) Plaintiff did not file an amended complaint, nor did she respond to the court's order in any other way. On October 27, 2016, Defendant moved for dismissal pursuant to Judge Bloom's order. (Mot. to Dismiss (Dkt. 21).) In light of Plaintiff's pro se status, this court extended Plaintiff's deadline to November 23, 2016, and again cautioned Plaintiff that "if she fails to file a clarified complaint before the extended deadline, this action will be dismissed." (Nov. 7, 2016, Order (Dkt. 23) at 1-2.) Plaintiff once again failed to respond.

1

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with . . . a court order.'" Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)). The Second Circuit directs district courts to consider the following five factors when deciding whether to dismiss an action under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Id. (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

In this case, the five-factor test weighs in favor of dismissal, even after accounting for the Second Circuit's directive that "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" Id. at 217 (quoting LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)). The first two factors of the test weigh strongly in favor of dismissal. Plaintiff has failed to respond to any filings from Defendant or orders from the court since this action was removed on February 10, 2016, more than nine months ago. On two separate occasions, Plaintiff was ordered to file a clarified complaint, and was explicitly warned that failure to respond would result in dismissal of the action. (See Sept. 6, 2016, Order; Nov. 7, 2016, Order.)

The remaining three factors, though less definitive, nonetheless favor dismissal. In a nearly identical case involving a pro se litigant's failure to clarify his complaint, the Second Circuit explained that the defendants were prejudiced by the delay because claims become more difficult to defend against as the underlying events recede into the past. See Ruzsa v. Rubenstein

2

& Sendy Att'ys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam). In that case, as in this one, the plaintiff missed an extended deadline to file an amended complaint despite a warning that failure to file would result in dismissal. Id. The Second Circuit found that the extension of time and the explicit warnings from the court adequately accounted for the plaintiff's interest in being heard and the possibility of lesser sanctions. Id. at 177-78. The Ruzsa court affirmed the district court's dismissal under Rule 41(b), and this court likewise grants dismissal in the present action. Indeed, this case presents the prototypical Rule 41(b) dismissal: the Second Circuit's Rule 41(b) case law "almost exclusively concern[s] instances of litigation misconduct such as the failure to comply with a scheduling order or timely to respond to pending motions." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (collecting cases).

For the reasons stated above, Defendant's Motion to Dismiss (Dkt. 21) is GRANTED. Plaintiff's claim is DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully directed to close the case. The Clerk is further directed to send a copy of this order to Plaintiff.

SO ORDERED.

S/ Nicholas G. Garaufis

Dated: Brooklyn, New York
November 28, 2016

NICHOLAS G. GARAUFIS
United States District Judge